UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

UNITED STATES )
)
V. ) Docket No. 17-CR-256
)
KENDALL NELSON, )
    Defendant )

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582

FILED AUG - 6 2018 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO CLEVELAND

Now comes the defendant, Kendall Nelson, who is proceeding pro se in this matter, who respectfully requests this court to grant his motion and reduce his sentence based on 18 U.S.C. § 3582 and Amendment 782.

Defendant also submits a number of post conviction rehabilitative factors for this honorable court to consider in its discretion to reduce his sentence.

INTRODUCTION

Defendant, hereinafter ("Nelson") is a 45 year old Federal prisoner currently serving his 108 month sentence at Federal Correctional Institution Hazelton, in West Virginia.

Nelson was indicted in this court on June 8, 2017 on a 3 Count indictment charging controlled substance violations 21 U.S.C. § 841 and firearm charges pursuant to 18 U.S.C. § 922(g).

On August 29, 2017 this honorable court ordered the preparation of Nelson's presentence report from the United States Probation Service.

Nelson was represented by attorney Mark Marriotti at the time of the preparation of Nelson's presentence report. Attorney Marriotti continued to represent Nelson throughout Nelson's eventual guilty plea and sentencing on February 13, 2018.

On September 20, 2017, Honorable Judge Solomon Oliver, Jr. held a Final pre-trial conference for Nelson. The Assistant United States Attorney, Marisa Darden, defense counsel Mark Marriotti, and a representative from the United States Probation were present at the final pre-trial conference.

The government, at that time, September 20, 2017, informed the court that although his Presentence Report was complete, Nelson's criminal history was still not yet available. Apparently, there was considerable controversy over the calculation of Nelson's criminal history as the government reached out to apply Nelson's prior convictions toward being a "career criminal".

On October 20, 2017, the government offered a plea agreement deal to Nelson that included changing his plea to guilty to Counts 1 and 3, for a guideline appropriate sentence, along with 3 years of supervised release.

On February 13, 2018, Judge Oliver sentenced Nelson to a downwardly departed 108 month prison term, from the United States Guideline Recommended.

## STATEMENT OF FACTS

1. This honorable court adopted the United States Government's position that his two prior felony convictions - Ohio State cases 03-CR-433259 and 08-CR-506727-A - qualify as predicates for "career offender" designation.
2. Finding Nelson to be a career offender, the court counted these convictions above to increase Nelson's criminal history points moving him to a criminal history category VI and an offense level of ~~37~~ , in the United States Sentencing Guideline Table of 2017.
3. Because of his designation as a career offender, this court declined to assign the 2 point category offense level reduction pursuant to Amendment 782 of U.S.S.G. § 1B1.10 of 2015.
4. In accepting the Government's position that Nelson was to be enhanced as a career criminal, it effectively began at the incorrect premise of his guideline range, thereby exposing Nelson

to a considerable guideline range increase.

5. However, the court graciously departed downward from his career criminal enhanced Guideline range of 168 to a sentence of 108 months imprisonment and three years of supervised release.

6. Nelson is currently serving his Federal prison sentence at Federal Correctional Institution Hazelton in West Virginia.

7. He comes now seeking a reduction in his Federal prison term pursuant to 18 U.S.C. § 3582, relying in part, on Amendment 782 of the United States Sentencing Guidelines.

## ARGUMENT

Nelson moves this court to reduce his term of imprisonment as a result of an Amended Guideline Range. (see Federal Sentencing Guideline Manual of 2015 1B1.10, 18 U.S.C. § 3582.)

In general, in a case in which a defendant is serving a term of imprisonment and the Guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), as required by Bradley v. United States, LEXIS 60276 (2016). The United States Supreme Court made Amendment 782 to the United States Sentencing Guideline § 1B1.10(c) retroactive in November of 2015.

The drug quantity table at U.S.S.G. § 2D1.1 allows for the reduction to the offense level for most drug trafficking crimes by two levels.

The "career offender" designation to Nelson's Federal sentence in the case at bar, would normally negate any claim to any benefit that Nelson would have received from the 2 level reduction to his offense level. However, in this case, the sentencing court departed from the career offender guideline range to give Nelson a sentence of 108 months.

In departing downward, the court in effect took Nelson out of the career

offender categorization. The court, in its wisdom, saw a positive reason to allow for a lesser than career offender sentence. The Honorable Judge Oliver saw something worthwhile in Nelson's charactor, and through grace, gave him a downward departure.

Nelson, fully appreciative and very grateful for the break the judge gave him, asks now, in the interests of fairness and justice, to allow him to receive the two level reduction to his offense level in this case.

The career offender status being resolved by the court's downward departure in Nelson's case, it should now exercise its discretion in deciding whether a reduction is warranted, and if so, what the reduction should be. <u>Dillon v. United States</u>, 560 U.S. 817 at 827 relying on U.S.S.G. § 1B1.10(b)(1). "If after calculating the amended guideline range, a defendant's current sentence remains below that range, further reduction is forbidden unless the original sentence itself was a downward departure." <u>Freeman v. United States</u>, 564 U.S. 522, 531, 180 L. Ed. 2d 579 (2011) (citing U.S.S.G. § 1B1.10(b)(2)(B)).

Here, in this case, Nelson's base offense level is <u>24</u>. If the court applies the reductions it previously applied for Acceptance of Responsibility (-5), and the downward departure it awarded Nelson in the original sentencing (-<u>2</u>), his amended offense level becomes <u>21</u>. At a criminal history of III, that produces an amended guideline range of <u>46</u> to <u>57</u> months.

Nelson's custodial sentence of <u>108</u> months is due to his original sentence being departed downward. However, because his original sentence was downwardly departed, the court may reduce his sentence further. <u>Freeman</u>, 564 U.S. at 531. If the court now departs from the bottom of the guideline range by the same proportion, it departed from defendant's guideline range at sentencing, Nelson's reduced sentence will be at 37 to 46 months.

## CONCLUSION

Wherefore, for all the foregoing reasons, Nelson respectfully requests that this court apply Amendment 782's two-point reduction to his offense level - before he was careered, thereby reducing his sentence to a U.S.S.G. § 1B1.1 range of 37 to 46 months.

Date: 7/12/18

Respectfully Submitted,

*Kendall Nelson*

## CERTIFICATE OF SERVICE

I, Kendall Nelson, do hereby certify that I did cause to be served one true and correct copy of the foregoing Motion For Reduction of Sentence, pro se, on the below named by placing same in the U.S. postal receptable at FCI Hazelton, West Virginia, on this  /2  day of July, 2018.

U.S. Attorney's Office
Northern District of Ohio

*Kendall Nelson*

Kendall Nelson
Reg #
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525