## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:17-CR-256 |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| KENDAL NELSON, | : | **RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO RECONSIDER** |
| Defendant. | : | |

Now comes Kendall Nelson, through counsel, and hereby provides this this Honorable Court with a BRIEF Response to the Government's Opposition to Mr. Nelson's Motion to Reconsider, filed June 23, 2020.

### A. Medical Conditions of Kendall Nelson

In the Government's Opposition, there were indications therein that Mr. Nelson's documented physical ailments were not as significant as the medical records suggest. Indeed, the minimization of Mr. Nelson's most recent surgery, and the selective manner in which the medical records were cited, suggests hyperbole as it relates to Mr. Nelson's conditions. However, the records included in the government's pleading themselves illuminate the ongoing, serious health concerns of Mr. Nelson. That additional health issues have emerged during his incarceration does not diminish the relevance and seriousness of his longstanding health concerns. Indeed, a review of the sentencing transcripts in this case also illustrate that Mr. Nelson's physical conditions were a consideration, even by counsel for the government, at the time of sentencing, long before there was a viral pandemic.

1

The government has attached hundreds of pages of medical records for Kendall Nelson, most of which existed prior to the COVID-19 pandemic. Of particular note for this Response are the records in Government's Exhibit 7, the MercyHealth [St. Elizabeth's Hospital] Records, at pages 25-81. As related in the Motion to Reconsider the Denial of Compassionate Release, the laboratory analysis in his BOP laborary records indicate that Mr. Nelson was having problems with his liver for months. The goverenment appears dismissive of Mr. Nelson's continued concerns regarding his liver and pancreas, and averred that the recent surgery performed to relieve an acute illness involving his gallbladder, rectified his concerns[1]. The medical records from doctors at St. Elizabeth Hospital, however, interpret Mr. Nelson's conditions differently, as the following screen capture from the St. Elizabeth medical records provides a descripton of the results of their testing performed on Mr. Nelson:

---

[1] The liver and gallbladder are intimately associated within the human body, as the liver, one of the hardest working and most important organs in the body, envelops the much smaller gallbladder, whose primary purpose is to store bile, produced by the liver, which is released from the gallbladder when needed as an aid in digestion.

> The lung bases are abnormal. There are bilateral infiltrates at the lung bases, likely related to atelectasis . There is a small hiatal hernia there is soft tissue density best seen on axial image #32 at the level of porta hepatis surrounding the portal vein. This may represent Klatskin tumor this may represent enlarged lymph nodes the appearance favors enlarged lymph nodes. There is increased density in the bladder possibly related to contrast from the ERCP
> The liver is abnormal. There is evidence for biliary stent. There is evidence for pneumobilia. The appearance of the liver is mottled. There is extensive artifact related to positioning of the arms most notable left arm. There are multiple low density lesions in the liver statistically likely cysts pancreatic head is prominent. The pancreatic duct is dilated.
> The spleen is unremarkable.
> The kidneys are unremarkable
> The adrenals is unremarkable.
>
> **Impression**
> There appears to be pneumobilia and some residual contrast as well as a biliary stent within the common duct
> There are multiple lesions in the liver statistically likely cysts,
> there is a mottled appearance to the liver parenchyma
> There is periportal adenopathy present
> Technically suboptimal study

See, Government's Opposition to Motion for Compassionate Release, Exh. 7, Medical Records, Page 46. In addition, the medical notes from St. Elizabeth Hospital also indicate that Mr. Nelson will need additional testing to determine the condition and potential adverse involvement of his pancreas, and the possibility of a tumor being present. See, Government's Opposition to Motion for Compassionate Release, Exh. 7, Medical Records, Page 28.

The government also stated that because Mr. Nelson was identified as having COVID-19, he no longer need be concerned about its potential adverse effect on him. The fact that FCI Elkton quarantined Mr. Nelson for two weeks after informing him that he had the virus does not preclude consideration for compassionate release. Just as recently as June 2, 2020, Senior District Court

Judge Arthur Tarnow granted compassionate release to an individual after testing positive for COVID-19. See, *Snell v. United States*, Case No. 2:16CR20222 (E.D. Mich. June 2, 2020), Order, attached as Exhibit A. In addition, the records submitted in the government's pleading from St. Elizabeth also indicate that Kendall Nelson was tested at the hospital upon arrival in June, and he does not have COVID-19.

**B.     Dangerousness**

As to dangerousness, Kendall Nelson is no more of a "danger" to society now than he will be once his term of imprisonment has expired, if "dangerousness" is measured in terms of the offense of conviction, as opposed to the history of actual violence measured against likelihood of repeating violent behavior. Prior to this case, Mr. Nelson's last offense also involving narcotics, was in 2008. None of his prior offenses, including the present offense, is traditionally identified as "dangerous." Therefore, Mr. Nelson submits that danger should not be a dispositive factor in this Court's analysis of his request for release based upon exceptional and compelling circumstances.

**C.     Plan at FCI Elkton Regarding Vulnerable Medical Inmates**

This Court inquired as to FCI Elkton's plan moving forward now that they are no longer under order to move their BOP-identified medically vulnerable inmates. Counsel for Mr. Nelson states that no progress has been made in determining what, if any plan FCI Elkton has implemented or intends to implement, that would ameliorate the COVID-19 outbreak, particularly for those the Bureau has itself identified as vulnerable.

**D.     Request for Relief**

Kendall Nelson re-iterates his request for compassionate release under 18 U.S.C. §3582(c)(1)(A): he has never argued an Eighth Amendment application in this criminal case. Mr. Nelson asks to be sentenced to time served, and a term of supervised release which includes home confinement for any period which this Court deems appropriate.

                                          Respectfully submitted,

                                          STEPHEN C. NEWMAN
                                          Federal Public Defender
                                          Ohio Bar No. 0051928

                                          *s/Vanessa Malone*
                                          VANESSA MALONE (0066230)
                                          Federal Public Defender Office
                                          50 S. Main Street, Ste. 700
                                          Akron, OH 44308
                                          Phone: 330-375-5739; Fax: 330-375-5738
                                          E-mail: vanessa_malone@fd.org