# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KENDAL NELSON, | ) Civil No. \_\_:21-cv-_____ |
| | ) Crim No. 1:17-cr-00256-SO-1 |
| Petitioner, | ) |
| | ) |
| v. | ) **SECOND-IN-TIME MOTION** |
| | ) **PURSUANT TO 28 U.S.C. § 2255** |
| UNITED STATES OF AMERICA, | ) |
| | ) FILED |
| Respondent. | ) |
| | AUG 3 0 2021 |

Clerk of Court, United States District Court
Ohio Northern District - CLEVELAND

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

COMES Petitioner, KENDAL NELSON ("Nelson"), appearing *pro se*, and in support of this motion would show as follows:

## I. PRELIMINARY STATEMENT

Nelson respectfully requests that this Court be mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. *Jamieson v. United States*, 692 F.3d 435 (6th Cir. 2012) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004)); *Estelle v. Gamble*, 429 U.S. 97 (1976)(same); and *Haines v. Kerner*, 404 U.S. 519 (1972)(same).

## II. JURISDICTION

Jurisdiction is vested in this Court to hear and adjudicate the merits under 28 U.S.C. § 2255 or any other applicable rules governing it.

## III. **STATEMENT OF THE CASE**

A. **Procedural Background**

On July 26, 2017, a Grand Jury sitting in the United States District Court for the Northern District of Ohio, Eastern Division, returned a three (3) count Indictment charging Nelson. See Doc. 1.[1] Count 1 charged Nelson with Possession with Intent to Distribute Approximately 189.2 Grams of a Mixture or Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B). *Id.* Count 2 charged Nelson with Possession with Intent to Distribute Approximately 33.1 Grams of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). *Id.* Count 3 charged Nelson with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.* The Indictment also contained a Forfeiture Notice, pursuant to U.S.C. § 853. *Id.*

On November 8, 2017, a Change of Plea Hearing was held and Nelson entered a plea of guilty on Counts 1 and 3 of the Indictment, pursuant to a written Plea Agreement. See Doc. 30.

On November 9, 2017, the government filed an Information Re: Prior Conviction, with the intention to seek enhanced sentence, pursuant to 21 U.S.C. §§

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Northern District of Ohio, Eastern Division in Criminal No. 1:17-cr-00256-SO-1, which is immediately followed by the Docket Entry Number.

2

541(b) and 851 ("851 Enhancement"). See Doc. 23.

On February 13, 2018, Nelson was sentenced to a total term of 108 months' imprisonment, 3 years Supervised Release, no Fine or Restitution, and a Mandatory Special Assessment Fee of $200. See Doc. 32.

On August 6, 2018, Nelson filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 ("782 Motion"), which was denied on February 4, 2019. See Docs. 50, 54.

On April 22, 202, Nelson filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and First Step Act of 2018, which was denied on July 14, 2021. See Docs. 56, 80.

On April 22, 2020, Nelson filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (c)(1)(A), which was denied on July 14, 2021. See Docs. 61, 81.

**B.** **Statement of the Facts**

1. Offense Conduct

According to Nelson's Plea Agreement, DEA and local law enforcement had information that Nelson was selling drugs from a stash house in Cleveland, Ohio. See Doc. 30 at 141. On June 7, 2017, agents executed a search warrant and found 189.2 grams of a mixture or substance containing fentanyl, cocaine, and heroin, and 33.1 grams of cocaine. *Id.* Agents also found a loaded Titan Tiger .38 caliber revolver and

3

additional ammunition, all of which had traveled in interstate commerce. *Id*. Nelson was prohibited from possessing that firearm because he was convicted of drug trafficking felonies in Cuyahoga County Court of Common Please on April 3, 2003, and then again on December 11, 2008. *Id*.

2. Plea Proceeding

On November 8, 2017, a Change of Plea Hearing was held before Judge Solomon Oliver, Jr. Nelson entered a plea of guilty on Counts 1 and 3 of the Indictment, pursuant to a written Plea Agreement. See Doc. 30. In Nelson's plea agreement, he agreed that he waived his right to challenge his conviction or sentence collaterally through a post-conviction proceeding under § 2255. *Id*. at 140. Nelson only retained the right to appeal (not collaterally attack) any punishment in excess of the statutory maximum or any sentence to the extent it exceeded the maximum of the sentencing imprisonment range "determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in the agreement" while applying the Criminal History Category found applicable by the Court. *Id*. The parties also agreed that Nelson's offense level for each count of conviction was 28. *Id*. at 139. The case was referred to the U.S. Probation Office for the preparation of the Presentence Report ("PSR").

3. <u>Presentence Report Calculations and Recommendations</u>

A presentence investigation report was prepared that highlighted the following felony convictions:

- Possession of Drugs, F3, 4/25/2002, CR-02-424744-C, sentenced to 1 year's custody;

- Carrying Concealed Weapons, F4, and Drug Trafficking, F2, with a firearm specification, 10/23/2002, CR-03-433259-A, sentenced to 3 years' custody;

- Trafficking Offenses, F4, 1/12/2008, CR-08-506727-A, sentenced to 2 years' community control.

See Doc. 25. The PSR calculated Nelson's base offense level at 28, but having found that he was a career offender, his level rose to 37. *Id.* After applying a three-level reduction for acceptance of responsibility, the PSR calculated Nelson's total offense level of 34. *Id.*

4. <u>Sentencing Proceeding</u>

On February 13, 2018, a Sentencing Hearing was held before Judge Solomon Oliver, Jr. At sentencing, the Government moved for a four-level reduction, and after hearing from the parties, the court added an additional three levels, which brought Nelson's offense level down to 27. See Doc. 47 at 358–362.

On February 15, 2018, this court imposed a below-Guidelines sentence of 108 months' imprisonment, to run concurrent on Counts 1 and 3, to be followed by 3

5

years of supervised release. See Doc. 32. Nelson did not appeal his conviction and sentence.

On August 6, 2018, Nelson filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines. See Doc. 50. The government responded that Nelson was ineligible for such relief because Amendment 782 from 2014 was already reflected in Nelson's sentence. See Doc. 51. On February 4, 2019, this Court agreed with the government and denied Nelson's Motion. See Doc. 54.

On July 18, 2019, Nelson filed a motion seeking relief under the First Step Act of 2018 or, alternatively, under 28 U.S.C. § 2255. See Doc. 56. The Court denied Nelson's motion without an evidentiary hearing. See Doc. 60.

### IV. <u>STATEMENT OF THE GROUND FOR RELIEF</u>

Whether, due to the extraordinary and unique circumstances arising after the Judgment was entered in this case, Nelson's sentence is now in violation of the Constitution and the Laws of the United States and his sentence must be vacated for resentencing without the career offender enhancement.

### V. <u>DISCUSSION</u>

As a preliminary matter, Nelson respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *Williams v. Curtin*, 631 F.3d

380, 383 (6th Cir. 2011) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

A. Standard of Review

Sixth Circuit precedent requires review of a district court's interpretation of the sentencing guidelines be *de novo* and its factual determinations for clear error. See *United States v. Sexton*, 894 F.3d 787, 793 (6th Cir. 2018) (citations omitted); *United States v. Henry*, 819 F.3d 856, 864 (6th Cir. 2016); *United States v. Layne*, 324 F.3d 464, 468 (6th Cir. 2003); *United States v. Clark*, 982 F.2d 965, 968 (6th Cir. 1993).

B. Discussion

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure," *Hill v. United States*, 368 U.S. 428 (1962). When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required " 'to determine the truth of the petitioner's claims.' " *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir.2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999)).

**Due to the Extraordinary and Unique Circumstances Arising after the Judgment Was Entered in this Case, Nelson's Sentence Is Now in Violation of the Constitution and the Laws of the United States and His Sentence must Be Vacated for Resentencing Without the Career Offender Enhancement.**

In *United States v. Havis*, 927 F.3d 382 (6th Cir. June 19, 2019), the Sixth Circuit held that the U.S. Sentencing Guidelines' definition of "controlled substances offenses" does not include attempt crimes because the Sentencing Commission overstepped its authority when it expanded the applicability of U.S.S.G. § 4B1.2 without subjecting the rule to congressional review or notice or comment. *Id.* at 386-87.

In this case, Nelson's sentence enhancement is no longer valid due to a change of law– the existence of a new retroactive rule of law in *United States v. Havis*, 927 F.3d 382 (6th Cir. June 19, 2019). Due to this retroactive change of the law, his sentence now presents an error sufficiently grave to be deemed as a fundamental defect.

Nelson was over 18 years of age when he committed this offense, and it was a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.1(a). His sentence was therefore subject to being enhanced under the "Career Offender" Guidelines provision, § 4B1.1, if he had "at least two prior felony convictions of either a controlled substance offense or a crime of violence. "The PSR construed

U.S.S.G. § 4B1.2, which defines a "controlled substance offense" and a "crime of violence."

Nelson was sentenced as a career offender because before he was convicted in federal court of the present offense, Nelson has at least two prior felony convictions, enumerated as follows:

(1) Possession of Drugs, F3, 4/25/2002, CR-02-424744-C, sentenced to 1 year's custody;

(2) arrying Concealed Weapons, F4, and Drug Trafficking, F2, with a firearm specification, 10/23/2002, CR-03-433259-A, sentenced to 3 years' custody; and

(3) Trafficking Offenses, F4, 1/12/2008, CR-08-506727-A, sentenced to 2 years' community control.

In this case, the District Court erred in determining that Nelson was a career offender within the meaning of U.S.S.G. § 4B1.1(a), which provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Sentencing Guidelines require district courts to increase a defendant's base offense level if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2016). Under the Guidelines, the term "controlled substance offense" means any federal or

state offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (2016). The Guidelines do not provide a definition of a "controlled substance."

The Controlled Substances Act, 21 U.S.C. § 812, contains a list of numerous substance, which Congress has subcategorized into five schedules (I–V). Michigan, like the federal government and many other states, has criminalized the possession, sale, delivery, and manufacture of various controlled substances. See, e.g., Mich. Comp. Laws § 333.7401; R.I. Gen. Laws Ann. § 21-28-4.01. Like Congress, the Michigan legislature has grouped all controlled substances into five schedules (I–V). See Mich. Comp. Laws §§ 333.7212, 333.7214, 333.7216, 333.7218, 333.7220. For the most part, the schedules have considerable overlap. Compare 21 U.S.C. § 812, Schedule II(a)(1), with Mich. Comp. Laws § 333.7214(a)(ii) (opium and opiates). But some states, including Michigan, have chosen to add some substances to the schedules, which Congress has opted not to include. Michigan, for example, lists Salvinorin A as a Schedule 1 controlled substance, Mich. Comp. Laws § 333.7212 (w), while the DEA has not placed this substance on the federal schedule at all. See

21 U.S.C. § 812; U.S. Dep't Justice, Drug Enforcement Administration, Lists of: Scheduling Actions, Controlled Substances, Regulated Chemicals (Dec. 2017), https://www.deadiversion.usdoj.gov/schedules/orangebook/orangebook.pdf.

Every court to consider the question has held "that imposing a federal sentencing enhancement under the Guidelines requires something more than a conviction based on a state's determination that a given substance should be controlled." *United States v. Townsend*, 897 F.3d 66, 71 (2d Cir. 2018). Accordingly, "a 'controlled substance' under § 4B1.2(b) must refer exclusively to those drugs listed under federal law—that is, the CSA." *Id.*; see also *United States v. Gomez-Alvarez*, 781 F.3d 787, 793–94 (5th Cir. 2015) (holding that a "drug trafficking offense" under U.S.S.G. § 2L1.2 applies only to substances on the CSA); *United States v. Leal-Vega*, 680 F.3d 1160, 1166–67 (9th Cir. 2012) (same); *United States v. Sanchez-Garcia*, 642 F.3d 658, 661–62 (8th Cir. 2011) (same). If the state statute criminalizes possession, delivery, sale, or manufacture of a substance not included on the federal CSA's schedules, then the conviction cannot serve as the basis to enhance a person's sentence.

Nelson's motion to vacate is premised on the Sixth Circuit's decision in *Havis*. In *Havis*, the defendant was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Havis*, 927 F.3d at 383. The district court

11

increased his base offense level, finding that a prior Tennessee conviction for "selling and/or delivering cocaine" was a "controlled substance offense." *Id.* at 383-84. The parties agreed that the least culpable conduct under the Tennessee statute was the "attempted delivery of a controlled substance." *Id.* at 385. The defendant argued that the Tennessee conviction was not a "controlled substance offense" because it "encompassed the mere attempt to sell cocaine" and attempt crimes were not in the Guidelines definition. *Id.* at 384. The government, relying on *United States v. Evans*, 699 F.3d 858, 865 (6th Cir. 2012), urged the Sixth Circuit to defer to the Guidelines commentary, which "adds attempt crimes to the list of controlled substance offenses." *Havis*, 927 F.3d at 386. Abrogating *United States v. Evans*, the Sixth Circuit held that the Guidelines plainly exclude attempt crimes and that the commentary to the contrary "deserves no deference." *Havis*, 927 F.3d at 387.

In *Havis*, the Government urges us to find that the commentary at issue here—Application Note 1 to § 4B1.2, which adds attempt crimes to the list of controlled substance offenses under § 4B1.2(b)—is not a "plainly erroneous" interpretation of the corresponding guideline. But the Government sidesteps a threshold question: is this really an "interpretation" at all? The guideline expressly names the crimes that qualify as controlled substance offenses under § 2K2.1(a)(4); none are attempt crimes. And the Commission knows how to include attempt crimes

when it wants to—in subsection (a) of the same guideline, for example, the Commission defines "crime of violence" as including offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a) (emphasis added).

To make attempt crimes a part of § 4B1.2(b), the Commission did not interpret a term in the guideline itself—no term in § 4B1.2(b) would bear that construction. Rather, the Commission used Application Note 1 to add an offense not listed in the guideline. But application notes are to be "interpretations of, not additions to, the Guidelines themselves." *Rollins*, 836 F.3d at 742. If that were not so, the institutional constraints that make the Guidelines constitutional in the first place—congressional review and notice [927 F.3d 387] and comment—would lose their meaning. See *Winstead*, 890 F.3d at 1092 ("If the Commission wishes to expand the definition of 'controlled substance offenses' to include attempts, it may seek to amend the language of the guidelines by submitting the change for congressional review."). The Commission's use of commentary to add attempt crimes to the definition of "controlled substance offense" deserves no deference. The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses.

See also, *United States v. Palos*, No. 19-4186 (6th Cir. 2020). In *Palos*, Police searched Palos' residence on suspicion of drug trafficking and found narcotics, drug paraphernalia, and a firearm. Palos admitted that he had purchased the firearm "off the streets." It was later confirmed to be stolen. Palos, previously convicted of two separate drug trafficking offenses in state court, pleaded guilty as a felon in possession of a firearm, 18 U.S.C. 922(g)(1). With a Guidelines range of 87-108 months, he was sentenced to 63 months' imprisonment. The Sixth Circuit vacated his sentence, in part. Palos' 2010 conviction under Ohio Revised Code 2925.03(A)(1), which criminalizes "knowingly . . . "sell[ing] or offer[ing] to sell a controlled substance" no longer qualifies as a "controlled substance offense" so that his Guidelines base offense level was miscalculated. Statutes that criminalize offers to sell controlled substances are too broad to categorically qualify as predicate 'controlled substance offenses.'" The court upheld a sentencing enhancement for possession of a stolen firearm, rejecting an argument that Palos had no knowledge that the firearm was stolen. The court noted the absence of a scienter requirement in U.S.S.G. 2K2.1(b)(4). Palos's firearm was stolen at the time Palos unlawfully possessed it and section 2K2.1(b)(4) is a strict liability enhancement.

See *United States v. Michael Powell*, No. 18-3654 (6th Cir. 2019). In *Powell*, Michael Powell pleaded guilty to his role within a large drug conspiracy. On appeal,

14

Powell challenges the sufficiency of his guilty plea and his sentencing enhancement as a career criminal. Regarding the latter, we held Powell's appeal in abeyance when our Court granted en banc review in *United States v. Jeffery Havis*, No. 17-5772, which cast doubt on Powell's qualifying drug offense and the government's reliance on *United States v. Evans*, 699 F.3d 858, 868 (6th Cir. 2012). We have now decided *Havis*—explaining that "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes"—abrogating Evans. *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam). As a result, we affirm the district court's decision regarding Powell's guilty plea, but in light of *Havis*, we reverse the district court's decision on Powell's sentence.

In addition, see *United States v. Angel Cordero*, No. 19-3540 (6th Cir. 2020), Defendants Angel Cordero and Eduardo Velasquez were convicted by a jury of conspiring to commit murder for hire and conspiring to distribute one kilogram of cocaine. On appeal, defendants argue that their convictions were not supported by sufficient evidence and challenge the admission of other-acts evidence under Federal Rule of Evidence 404(b). Defendants also raise sentencing claims. Defendants' challenges to their convictions fail because the record demonstrates a sufficient factual basis for their guilt on the charged offenses. Also, the district court correctly admitted the challenged bad-act evidence, as that evidence served permissible

15

purposes under Rule 404(b) and was probative of contested issues in the case. Finally, the district court properly applied the Sentencing Guidelines to calculate Cordero's base offense level. However, as the Government concedes, a limited remand is required with respect to Velasquez, who was incorrectly sentenced as a career offender.

*Havis* is substantially relevant in regard to Nelson's arguments, making clear indication that the interpretation of statutes by district courts are contrary to the Congress' intent. Further, the statutes are too ambiguous to secure a conviction. The same applies to Nelson's circumstance.

On March 23, 2006, the Sixth Circuit decided *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), holding that convictions under former Ohio Revised Code §§ 2925.03(6) and (9) do not qualify as controlled substance offenses for the purposes of career offender sentencing enhancement under U.S.S.G. § 4B1.1.[2] *Montanez*, 442 F.3d at 494. In *Montanez*, the Sixth Circuit used the categorical approach and looked at the statutory language for the convictions at issue. *Id.* at 491. Ohio Revised Code § 2925.03(A)(6) read: "No person shall knowingly . . . [p]ossess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an

---

[2] This holding includes O.R.C. § 2925.03(A)(4) by extension, as it only varies from (A)(6) and (A)(9) by involving lesser amounts. *Montanez*, 442 F.3d at 493, n.5

amount less than one hundred times that amount." O.R.C. § 2925.03(A)(6), qtd. in *Montanez*, 442 F.3d at 491. Sixth Circuit noted that "simple possession – that is, possession without the proof beyond a reasonable doubt of the requisite intent to 'manufacture, import, export, distribute, or dispense' – is not a controlled substance offense" for the purposes of sentencing. *Montanez*, 442 F.3d at 488 Because the statutory language of O.R.C. §§ 2925.03(A)(4), (6), and (9) criminalized only possession in a bulk amount, convictions under those provisions could not be qualifying convictions for sentencing enhancement purposes.

In reaching its conclusion in *Montanez*, the Sixth Circuit sought to address "past conflicting unpublished dispositions" by the Circuit and "the errors contained in those decisions." *Id.* at 491. The Sixth Circuit expressly acknowledged that two such cases were "wrongly decided" – *Gibbs v. United States*, 3 F.App'x 404 (6th Cir. 2001), and *United States v. Coteat*, 133 F.App'x 177 (6th Cir. 2005). *Montanez*, 442 F.3d. at 491. Rather than follow those cases, the Circuit decided to follow its conflicting decision in *United States v. Wright*, 43 F.App'x 848 (6th Cir. 2002), and a similar decision by the Ninth Circuit in *United States v. Foster*, 28 F.3d 109, 1994 WL 201201 (9th Cir. 1994) (interpreting O.R.C. § 2925.03(A)(4)). The Sixth Circuit's use of the categorical approach to determine whether a prior conviction qualified as a predicate offense for the purposes of sentencing enhancement was not new with

17

*Montanez*; such had long been the law. *Taylor v. United States*, 495 U.S. 575, 601-02 (1990); *States v. Dolt*, 27 F.3d 235, 238 (6th Cir. 1994); *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995); *United States v. Butler*, 207 F.3d 839, 843 (6th Cir. 2000); Gibbs v. United States, 3 F.App'x 404, 405 (6th Cir. 2001); *United States v. Wright*, 43 F.App'x 848, 851 (6th Cir. 2002); *United States v. Coteat*, 133 F.App'x177, 178 (6th Cir. 2005). In applying the categorical approach, courts look only to "the fact of conviction and the statutory definition of the predicate offense." *Arnold*, 58 F.3d at 1121 (citing *Taylor*, 495 U.S. at 602). Accordingly, "it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct." *Wright*, 43 F.App'x at 851 (quoting *United States v. John*, 936 F.2d 764, 767 (3rd Cir. 1991)). Given that the categorical approach had already been adopted at the time of Nelson's sentencing, the critical question for Nelson's counsel was how the categorical approach interpreted the particular statute under which Nelson was charged, O.R.C. § 2925.03(A)(4). At the time of Frost's sentencing, there were three Sixth Circuit opinions, all unpublished, directly on point. See *Gibbs*, *Wright*, *Coteat*. Because all three cases were unpublished, none had binding precedential value. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 n.4 (6th Cir. 2007).

Without the career offender enhancement, Nelson Base Offense Level would be level 28. Nelson received a 3-level reduction for acceptance of responsibility; 4-level pursuant to the Government's motion; and another 3-level reduction given by the Court. Accordingly, Nelson's Total Offense Level would be level 18, in Criminal History Category III, which would bring his guideline imprisonment range to 33 to 41 months, a significantly less harsh sentence range.

Finally, Nelson asserts that the increase in the calculation of his sentencing range based on the career offender enhancement, resulted in a longer sentence. If so, this could be deemed a miscarriage of justice.

## VI. **CONCLUSION**

For the above and foregoing reasons, Nelson's sentence should be vacated for resentencing without the career offender enhancement. In the alternative, it is respectfully requested that the Court hold an evidentiary hearing so that Nelson may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully submitted,

Dated: August 20, 2021.

*Kendall Nelson*
KENDAL NELSON
REG. NO. 64823-060
FCI ELKTON
FEDERAL CORR. INSTITUTION
P.O. BOX 10
LISBON, OH 44432