**FILED**

JAN 03 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENDAL NELSON, | ) | Case Nos.: 1:17 CR 256 |
| | ) | 1:21 CV 1687 |
| Defendant-Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MOTION TO VACATE ORDER** |
| | ) | **PURSUANT TO *CASTRO V. UNITED*** |
| Plaintiff-Respondent | ) | ***STATES*, 540 U.S. 375 (2003)** |

COMES Defendant-Petitioner, Kendal Nelson ("Nelson"), appearing *pro se,* and files his Motion to Vacate Order Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), and would show as follows:

## I. PRELIMINARY STATEMENT

As a preliminary matter, Nelson respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

## II. COURT ORDER DATED NOVEMBER 28, 2022

On November 28, 2022, the Court issued an Order holding that because Nelson's Second § 2255 Motion presents arguments that could have been raised in his first § 2255 motion, the Court finds that his Second § 2255 Motion is "second or successive" and must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. See ECF No. 89 at 4.

### III. *Castro v. United States*, 540 U.S. 375 (2003)

In *Castro v. United States*, 124 S.Ct. 786, 792 (2003), the United States Supreme Court held that where a federal district court recharacterizes a federal *pro se* criminal defendant's motion as a first motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, it must first notify the defendant that it intends to recharacterize the pleading, warn the defendant that any subsequent motion to vacate sentence will be subject to the AEDPA's restrictions on the filing of subsequent motions to vacate, and must provide the defendant with an opportunity to either withdraw the motion or to amend the motion so it can contain all of the claims that the movant wishes to raise in the motion. If the district court fails to do so, the first motion cannot be considered a motion to vacate sentence for purposes of applying the restrictions on filing a second or successive motion to vacate sentence. Because this Court failed to give petitioner the warnings described by the Supreme Court in *Castro*, Nelson's prior civil action cannot be considered a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2255, and this application cannot be considered a second or successive petition for writ of habeas corpus for purposes of § 2244(b)(3)(A). *Id.* at 792-93.

WHEREFORE, premise considered, the Order transferring Nelson's Second-in-Time § 2255 Motion should be vacated and Nelson should be allow to respond to the Court's Order construing his motion as second or successive.

Respectfully submitted,

Dated: December 27, 2022

*Kendal Nelson*

KENDAL NELSON
REG. NO. 64823-060
FCI MILAN
FEDERAL CORR. INSTITUTION
P.O. BOX 1000
MILAN, MI 48160

2